CAUSE NO. _____

| | | |
|---|---|---|
| **GLENN IHDE** | § | **IN THE U.S. DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **FOR THE EASTERN DISTRICT** |
| | § | **OF TEXAS** |
| | § | |
| **HME, INC.** | § | |
| | § | |
| **Defendant.** | § | **SHERMAN DIVISION** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Glenn Ihde, Plaintiff, and files this his Plaintiff's Original Complaint, complaining of Defendant HME, Inc., showing the Court as follows:

### Parties

1.   Plaintiff is an individual residing in, and doing business in Collin County, Texas.

2.   Defendant HME, Inc. is a company formed and doing business in the state of Kansas at 2828 N.W. Button Road, Topeka, Kansas 66618, and who can be served with process by serving John Haas through the Texas Secretary of State at Service of Process, Secretary of State, P. O. Box 12079, Austin, TX  78711-2079.

## Jurisdiction

3.     The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## Venue

4.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## Conditions Precedent

5.     All conditions precedent to bringing this cause have been performed or have occurred.

## Facts

6.     Plaintiff was engaged by Defendant to perform certain structural steel detailing services for the Laramie High School project.  Plaintiff's first written communication to Defendant, outlining the services to be provided and the expectations and terms related to those services, was an email to Drew Switzky of HME, Inc. on July 4, 2014.  Defendant's purchase order to Plaintiff, dated September 25, 2014, confirms that Defendant was engaging Plaintiff to perform various detailing services for a total contract price of $132,200.00.

7.    Plaintiff was beset with numerous delays in obtaining needed information from Defendant.  Plaintiff was continually required to change or re-order the sequencing of the detailing services being provided for this project, due to changes requested by Defendant, or delayed or lack of information or materials from Defendant.  These issues not only stressed Plaintiff's ability to perform the services for which he was hired, it also affected the progress of other work in his office.

8.    Despite these issues, Plaintiff delivered on the services to be provided to Defendant, subject to the changing schedules and deadlines imposed by Defendant. Nevertheless, Defendant elected to put a stop order on the services provided by Plaintiff, and then to refuse to pay Plaintiff for those services.

9.    The initial purchase order from Defendant to Plaintiff totaled $132,300.00. As a result of change orders initiated by Defendant, the total purchase order amount rose to $154,450.00.  Plaintiff's first billing towards this balance was in the amount of $31,300.00.  Defendant paid a total of $28,170.00 towards this billing. Plaintiff's second billing to Defendant was in the amount of $24,710.00.  This remains unpaid..  Additionally, Plaintiff continued to perform the services for which he was hired, all at the request of Defendant, and all for which Plaintiff has not been paid.

10.    The total contract price, with the change orders, was for $154,450.00.  Of this amount, the total of $126,280 remains unpaid.  Services were provided, for

which Defendant received substantial benefits (with such benefits continuing). Plaintiff relied upon his agreement with Defendant in determining the work flow and overall project level for his business. Defendant's decision to withhold payment for these agreed upon services has significantly impacted Plaintiff's overall business.

## First Cause of Action – Breach of Contract

11.    Plaintiff re-alleges and incorporates the allegations set forth above. Plaintiff has satisfied all conditions precedent to recovery. Plaintiff would show that despite providing extensive structural steel detailing services for Defendant, as contractually provided, Defendant has failed to pay for those services and is therefore in breach of such contract. Such breach was a producing cause of damages sustained by Plaintiff, for which Plaintiff seeks recovery.

## Second Cause of Action – Quantum Meruit

12.    Plaintiff re-alleges and incorporates the allegations set forth above. Plaintiff would alternatively show that Plaintiff provided valuable structural steel detailing services at the behest of and to the benefit of Defendant. Further, Defendant was fully aware that Plaintiff was providing such services and fully and knowingly accepted the benefits from the same. Plaintiff therefore is entitled to recover the full market value of the services provided.

**Attorneys Fees**

13.     Due to Defendant's failure to pay for the services provided by Plaintiff and, similarly, due to Defendant's breach of contract, Plaintiff has been required to engage counsel to bring suit to collect the lawful amounts owed. To this end, Plaintiff is additionally entitled to recover his attorneys fees incurred in bringing this action, as per *Tex.Civ.Prac. & Rem. Code,* section 38.001 et.seq.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be served to appear herein, and that upon final trial, that judgment be entered against Defendant and in favor of Plaintiff for the amount of $126,280.00, plus an award of reasonable and necessary attorneys fees and costs, as well as both pre-judgment and post-judgment interest as allowed by law, and for such other and further relief as the court may deem appropriate.

Respectfully submitted,

THE LAW OFFICES OF A. SCOTT CAMPBELL

By  */s/  A. Scott Campbell*
        A. Scott Campbell
        State Bar No. 03692650
        1508 W. Louisiana Street
        McKinney, Texas 75069
        PH:  972-984-1504
        FX:  972-984-1538
        scampbell@scampbellaw.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2015, a true and correct copy

of the foregoing has been forwarded to all counsel of record in accordance with

Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE.


*/s/   A. Scott Campbell*
A. Scott Campbell


Terry A. Iles
Law Office of Terry A. Iles
The Liberty Building
214 S.W. 6th Avenue, Suite 305
Topeka, KS  66603
PH:  785-232-2777
FX: 785-232-0606
terryiles@ileslawoffice.com